ANDREW ENGEL

v.

EMIL FISCHER.

*Negotiable Instruments—Note.*

In an action brought upon a promissory note by an indorsee, a judgment having been obtained below by the plaintiff, though for a less amount than he claimed to be due, the only dispute being as to a certain offset, this court holds that the difference, if any, between the exact amount due, and that found by the verdict, is so trifling and inconsiderable as not to warrant a re-trial, and affirms the judgment of the trial court.

[Opinion filed May 7, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. DENEEN & McEWEN, for appellant.

Mr. I. T. GREENACRE, for appellee.

SHEPARD, J.    This was assumpsit by appellant, as indorsee upon a promissory note made by appellee, dated July 3, 1884, and payable one month after date, to one Fred Fraatz, with eight per cent interest.

The appellant recovered a judgment below, but for a sum less than he claims he was entitled to.    The only dispute is as to the extent of offset the appellee was entitled to.    The note was assigned to appellant after maturity and after the accrual of certain items of offset claimed by appellee, against the payee, Fraatz.

To certain special questions submitted to the jury on the request of appellee, the defendant below, the jury answered that the note sued on was assigned to appellant, the plaintiff below, after maturity, and that Fraatz, the payee of the

note, owed Fischer, the maker (appellee), while Fraatz held the note, the sum of $110, with interest. The evidence discloses that this sum of $110 was a balance remaining after the application of a credit of $140, on an advance of $250 by Fischer for the use of Fraatz.

The $250 was advanced on September 18, 1886, and the credit of $140 was a repayment to Fischer "two or three months after that time."

The evidence was conflicting, but the jury had a right to say under it whether the said balance of $110, found by them to have been owing from Fraatz to Fischer in the transaction out of which the $250 advance arose—the particulars of which are not important in determining the case in this court—was intended to stand as a payment and extinguishment *pro tanto* of the note sued on, as of the time when said balance became due and owing, and it is evident that is what they did.

Counsel has indulged in extensive figures, but on a different basis, to show that the verdict should have been at least $25 greater than it was.

On the basis we have indicated as one on which the jury were justified in making a calculation for the purpose of arriving at a verdict, the difference, if anything, between the exact amount due and that found by the verdict, is so trifling as to bring the case within the maxim *de minimis non curat lex*, and too inconsiderable to be re-tried. Broom's Legal Maxims, 142.

The judgment of the court below will be affirmed.

*Judgment affirmed.*